IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCO GUIRLANDO                                                                                    PLAINTIFF

v.                                           Civil No. 1:21-cv-01015

DAVID NORWOOD, Sheriff; CAMERON OWENS,
Captain; CORPORAL McDONALD; NURSE DOE;
And C/O ERWING;                                                                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff Marco Anthony Guirlando's "Motion For Magastrate Judge to Recuse Oneself". (ECF No.18). The Court finds that no response is necessary and that the matter is ripe for consideration.

Plaintiff originally filed this case on March 25, 2021, pursuant to 42 U.S.C. §1983, in the Western District of Louisiana, Shreveport Division. (ECF No. 1). On March 31, 2021, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 3). Plaintiff named the following defendants in the original complaint: Ouachita County Jail, City Tele Coin, Jerry Juneau, Captain Richard Mitcham, Lt. Billy Perry, John Ward, Lt. Paul Kugler, Nurse Sherie Rice, Dr. Deanna Hopson, C/O Tubbs, Jailer Kevin Pendleton, David Norwood, Cameron Owens, Corporal McDonald, Nurse Doe, C/O Erwing, Union County Jail, and Ricky Roberts.

On April 5, 2021, the undersigned entered an order directing the Clerk to: 1) terminate the Ouachita County Jail and the Union County Jail as Defendants because the jails are buildings, not legal entities subject to suit under 42 U.S.C. §1983; 2) terminate City Tele Coin and Jerry Juneau as Defendants as Plaintiff named them "for discovery purpose"; and 3) sever Plaintiff claims against Sheriff David Norwood, Cameron Owens, C/O McDonald, Nurse Doe, and C/O Erwing

1

and open a separate lawsuit in Plaintiff's name listing these individuals as Defendants. (ECF No. 6). In addition, Plaintiff was ordered to file a First Amended Complaint and submit an *in forma pauperis application* ("IFP"). *Id.*

On April 26, 2021, Plaintiff submitted an IFP application stating, "I have requested the jail [Ouachita County Jail] to give me or fill out my inmate funds sheet & they will not. Can you please direct them to mail it to the Court." (ECF No. 7). The following day, the undersigned entered an order directing the Sheriff of Ouachita County Jail to assist Plaintiff in getting the certificate of account completed and signed by authorized personnel. (ECF No. 8). In that order Plaintiff was given until May 19, 2021, to file his completed IFP. *Id.*

On April 27, 2021, Plaintiff filed his Amended Complaint. (ECF No. 11). On May 13, 2021, Plaintiff submitted a supplement to his IFP application and that same day the Court granted his application. (ECF No. 13). The following day, the Court entered an order informing Plaintiff he had not clearly stated how each named Defendant violated his rights in his Amended Complaint and directed him to file a Second Amended Complaint by June 4, 2021. (ECF No. 14).

On May 26, 2021, Plaintiff filed an "Emergency Declaration in Support of Plaintiff Motion for a Temporary Restraining Order and Preliminary Injunction". (ECF No. 16). This motion is currently pending before the Court.

On June 3, 2021, Plaintiff filed his Second Amended Complaint which was not signed or dated. Consequently, the Court entered an order on June 7, 2021, directing the Clerk to return the complaint to him for signature and directing Plaintiff to return the pleading to the Court by June 21, 2021.

On June 3, Plaintiff filed the instant motion asking the undersigned to recuse himself from this case stating:

> …Honorable Judge Bryant continues to refuse to recuse himself.  Prior to this last illegal action by refusing to file and post filing sent to the Clerk.  It as well has been brought to this courts attention that the Plaintiff has refused to give consent to the Magistrate to allow him to hear and rule on this case.  Plaintiff believes and feels he can prove that he has a conflict of interest in his close relations with the Defendants, as some Defendant(s) have bragged that he was their 'buddy' and have never lost a case together.  Judge Bryant continues to work with the clerk of the court to prevent a delay or delay filing of the Plaintiff, as the clerk alone has not authority to do so, and the Plaintiff believes that neither does the Honorable Judge Bryant has the authority to denied or delay access to the court.
>
> For the forgoing reason this, Judge Bryant has in more than one way deployed a serious bias conflict of interest and should recuse himself.
>
> Pursuant to 28 U.S.C. Sub Sec 1746, I declare under penalty of perjury that the forgoing is true and correct.

(ECF No. 18).

"Recusal motions are generally filed under 28 U.S.C. § 455 or 28 U.S.C. § 144." *Griffis v. Medford,* No. 3:05-3040-JLH/JRM, 2007 WL 152223, at *1 (W.D. Ark. Jan. 17, 2007). Plaintiff does not specify which statute he moves for recusal under. However, it is immaterial because under either statute, "[t]he standard for determining the appearance or fact of particular grounds for recusal or disqualification of a trial judge is the same." *Gilbert v. City of Little Rock, Ark.,* 722 F.2d 1390, 1399(8th Cir. 1983).  Though, if Plaintiff moves under section 144, the motion would be denied at the onset because it is not accompanied by a timely and legally sufficient affidavit and a certificate of counsel of record stating that the motion is made in good faith. 28 U.S.C. § 144.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of

proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). "The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett,* 413 F.3d 696, 704 (8th Cir. 2005). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Sharrock v. Ramey,* No. 4:18-cv-1751-NCC, 2018 WL 10517097, at *1 (E.D. Mo. Dec. 10, 2018).

      Here, Plaintiff asks for recusal based on his disagreement with how the undersigned has ruled on the clarity of his complaint, disagreement with how the undersigned has ruled Plaintiff's compliance with the rules of this court, conclusory allegations that the undersigned is a "buddy" of some of the Defendants, and Plaintiff's assumption that the undersigned cannot fairly and impartially preside over this case.  Disagreement with a judge's ruling is not a basis for recusal of the judge.  Further, the case law is clear that conclusory statements, unsupported beliefs, and assumptions are insufficient to warrant recusal. *Id.*  Plaintiff asserts no facts that would cause a reasonable person with knowledge of all circumstances to believe that the undersigned cannot fairly and impartially preside over this case.

Accordingly, the Court finds Plaintiff has failed to carry his burden of showing that recusal is warranted.   Accordingly, Plaintiff's "Motion For Magastrate Judge To Recuse Oneself" (ECF No. 18) is **DENIED.**

IT IS SO ORDERED this 9th day of June 2021.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE